United States District Court
Southern District of Texas
**ENTERED**
November 18, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANDRE A. JONES, § | |
| (TDCJ # 01183592) § | |
| § | |
| Petitioner, § | |
| § | |
| vs. § | CIVIL ACTION NO. H-22-3270 |
| § | |
| BOBBY LUMPKIN, § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Andre A. Jones, (TDCJ #01183592), is an inmate in the custody of the Texas Department of Criminal Justice. Representing himself, he filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, which appears to seek relief from both a disciplinary conviction and his underlying state-court convictions. (Docket Entry No. 1). Under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, the court is required to review a petition for federal habeas corpus relief and dismiss it if "[i]t plainly appears from the petition . . . that the petitioner is not entitled to relief." After considering Jones's petition and all matters of record, the court dismisses his petition. The reasons are explained below.

**I.      Background**

Publicly available records show that Jones was convicted of one count of aggravated sexual assault in Harris County Cause Number 917355, and sentenced in August 2003 to 45 years in prison. *See* Inmate Search, www.tdcj.texas.gov (last visited Sept. 28, 2022). In his habeas petition, Jones also alleges that he was convicted in Harris County Cause Number 835752 and sentenced to one year in jail. (Docket Entry No. 1, p. 6).

Jones indicates on the second page of his petition that he is challenging the results of a disciplinary proceeding. (*Id.* at 2). Later in the petition, he alleges that on December 19, 2021, he was found guilty of refusing housing[1] in disciplinary case number 20220056941. (*Id.* at 5). He was sanctioned with twenty days of recreation restriction and fifteen days of commissary restriction as a result. (*Id.*). He alleges that he appealed the finding of guilt through both Step 1 and Step 2 grievances, but both were denied. (*Id.* at 5-6).

In the section of the petition asking the petitioner to explain the grounds for relief, Jones does not allege any claims arising from his disciplinary proceeding. Instead, he alleges that he was incarcerated in Cause Numbers 835752 and 917355 without valid judgments of conviction. (*Id.* at 6). He alleges that he was confined in Cause Number 835752 with no commitment papers and that the judgment in Cause Number 917355 was falsified. (*Id.*). He also alleges that he was "received into TDCJ in violation of their classification plan and procedures." (*Id.* at 7). Jones asks the court to order his release from confinement. (*Id.*). He also asks to be placed in protective custody because he alleges that TDCJ officials are tampering with his water supply. (*Id.*).

**II.    Discussion**

Because Jones is representing himself, the court is required to construe his pleadings under a less stringent standard of review. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972) (per curiam). Under this standard "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Construed liberally, Jones's petition seeks relief from both his

---

[1]This offense is classified as a Level 2, Code 24.2 violation of the TDCJ Disciplinary Rules and Procedures, which prohibits the refusal to accept any housing assignment. *See* TDCJ Disciplinary Rules and Procedures for Offenders (Rev. Aug. 2019) at Attachment B, available at www.tdcj.state.tx.us/publications (last visited Sept. 29, 2022).

disciplinary conviction and his convictions in Cause Numbers 835752 and 917355. The court will address each claim in turn.

### A. The Challenge to the Prison Disciplinary Conviction

Jones alleges in the first part of his petition that he is seeking habeas relief from his disciplinary conviction. (Docket Entry No. 1, pp. 2, 5-6). The federal writ of habeas corpus provides a remedy to a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3); 2254(a); *Brecht v. Abrahamson,* 507 U.S. 619, 633-34 (1993). In the context of prison disciplinary proceedings, a prisoner's right to habeas relief is governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell,* 418 U.S. 539, 557 (1974). This clause protects a prisoner charged with a prison rules violation *only* when the disciplinary proceeding results in a sanction that infringes on a constitutionally protected liberty interest. *See Sandin v. Conner,* 515 U.S. 472, 484 (1995). Liberty interests may emanate from either the Constitution or state law. *See Kentucky Dep't of Corr. v. Thompson,* 490 U.S. 454, 460 (1989).

Under the Constitution, a prisoner does not have a protected liberty interest in being free from conditions of confinement that do not "present a dramatic departure from the basic conditions of [the inmate's] sentence." *Sandin*, 515 U.S. at 485. A prisoner also has no protected liberty interest in any form of conditional release before the expiration of a valid sentence. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1, 7 (1979). In addition, the Constitution does not guarantee a prisoner good-time credit for satisfactory behavior. *Wolff,* 418 U.S. at 557; *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997).

Under state law, only state-created substantive interests that "inevitably affect the duration of [a prisoner's] sentence" qualify for protection under the Due Process Clause. *Sandin,* 515 U.S.

at 487; *see also Orellana v. Kyle,* 65 F.3d 29, 31-32 (5th Cir. 1995) (per curiam). In Texas, prisoners eligible for release to mandatory supervision have a constitutional expectancy of early release and thus a protected liberty interest in the good-time credits that they have earned. *Malchi v. Thaler,* 211 F.3d 953, 957-58 (5th Cir. 2000) (addressing the mandatory supervision scheme in place prior to September 1, 1996); *see also Teague v. Quarterman,* 482 F.3d 769, 776-77 (5th Cir. 2007) (addressing the mandatory supervision scheme in place before and after September 1, 1996). Prisoners not eligible for release to mandatory supervision have no such interest.

Jones alleges that as a result of the challenged disciplinary proceeding, he lost recreation privileges for twenty days and commissary privileges for fifteen days. These sanctions are "merely changes in the conditions of [his] confinement" that are not protected as a liberty interest by the Due Process Clause. *Madison,* 104 F.3d at 768. Limitations imposed on commissary or recreation privileges do not pose an atypical or significant hardship beyond the ordinary incidents of prison life, and a petitioner is not entitled to habeas relief from these types of sanctions. *Sandin*, 515 U.S. at 485-86; *Madison*, 104 F.3d at 768. And while Jones alleges that he is eligible for release to mandatory supervision, (Docket Entry No. 1, p. 5), he did not forfeit any accrued good-time credits as a result of his disciplinary conviction.

Because none of the sanctions imposed on Jones implicate a liberty interest protected under the Due Process Clause, he is not entitled to habeas corpus relief from these forms of punishment. His petition challenging the result of this disciplinary proceeding is denied.

**B.     The Challenge to the Underlying Convictions**

Construed liberally, Jones's petition also appears to challenge his underlying criminal convictions in Harris County Cause Numbers 835752 and 917355. (Docket Entry No. 1, pp. 6-7).

4

His petition seeking this relief is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254; *see also Woodford v. Garceau*, 538 U.S. 202, 207 (2003); *Lindh v. Murphy*, 521 U.S. 320, 335-36 (1997). "Under AEDPA, a state prisoner always gets one chance to bring a federal habeas challenge to his conviction." *Banister v. Davis*, 140 S. Ct. 1698, 1704 (2020) (citing *Magwood v. Patterson*, 561 U.S. 320, 333-34 (2010)). But before filing a second or successive petition, the petitioner "must first obtain leave from the court of appeals based on a 'prima facie showing' that [the] petition satisfies [AEDPA]'s gatekeeping requirements." *Id.* A petitioner may not bring claims "presented in a prior application," 28 U.S.C. § 2244(b)(1), and "may bring a new claim only . . . if [the petition] relies on a new and retroactive rule of constitutional law or if it alleges previously undiscoverable facts that would establish his innocence." *Banister*, 140 S. Ct. at 1704 (citing 28 U.S.C. § 2244(b)(2)). A district court cannot consider any claim, even a new one, in a second or successive petition without an order from the court of appeals authorizing the district court to do so. *See* § 2244(b)(3)(A). Absent such authorization, the action must be dismissed for lack of jurisdiction.

The court's records show that Jones has a separate habeas corpus action currently pending in this court that seeks relief from his convictions and sentences in Cause Numbers 835752 and 917355. *See Jones v. Collier*, No. H-22-3132 (S.D. Tex.). To the extent that Jones seeks relief from those same convictions in this petition, this petition is successive under 28 U.S.C. § 2244(b), and Jones must seek authorization from the Fifth Circuit before this court may consider it. *See* 28 U.S.C. § 2244(b)(3)(A). This court has no record of an order from the Fifth Circuit authorizing Jones to file a successive petition. Without this authorization, this court has no jurisdiction to consider his current petition challenging these state-court convictions. To the extent that Jones seeks to challenge those convictions in this petition, his petition is dismissed as successive.

5

### III.     Certificate of Appealability

Jones has not requested a certificate of appealability, but Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.  *See* 28 U.S.C. § 2253; *Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.'"  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requires the petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  The petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller-El*, 537 U.S. at 336 (quoting *Slack*, 529 U.S. at 484).  A district court may deny a certificate of appealability on its own, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

After carefully considering the record, the court concludes that jurists of reason would conclude without debate that Jones has not stated a valid claim for relief under § 2254.  A certificate of appealability will not issue.

## IV.     Conclusion and Order

Jones's petition for writ of habeas corpus, (Docket Entry No. 1), is dismissed with prejudice to the extent that it challenges his disciplinary conviction and dismissed without prejudice to the extent that it challenges his underlying convictions. All pending motions are denied as moot. A certificate of appealability will not be issued.

SIGNED on November 18, 2022, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge